ALLEN vs. McGAUGHEY et al.

1. REFORMATION OF DEED, DECREE, ETC.:
   A conveyed land in trust to secure a debt to B; by mistake a tract intended to be conveyed was omitted. The land was subsequently sold, under a decree in foreclosure of the deed of trust, and purchased by B; the mistake was carried into the decree and commissioner's deed. B took possession of the entire tract, including the part omitted: Held, that B was entitled to have the decree and deeds reformed so as to embrace the omitted tract, as against a judgment creditor, who had had it sold and bought it under an execution on his judgment.

Allen vs. McGaughey et al.

2. EXECUTION SALE:

One who buys at execution sale, is not an innocent purchaser without notice, he takes the estate subject to all equities existing against it at the time of the purchase.

3. ADMISSIONS:

An admission by a grantor, of a mistake in the deed, is competent evidence against a subsequent purchaser, under an execution against him.

4. EXECUTION SALE: *Redemption.*

A purchaser at execution sale, who accepts money paid for the redemption of land, cannot compl iin that the party redeeming had no authority from the defendant in execution, to redeem.

5. ————: *Effect of Redemption.*

Redemption by the judgment debtor, of land sold under execution, restores the lien of the judgment in the same condition as if there had been no sale.

APPEAL from *Jefferson* Circuit Court in Chancery.

Hon. J. A. WILLIAMS, Circuit Judge.

*Weatherford*, for appellant.

*Bell*, contra.

WALKER, J.:

The plaintiff, Allen, filed his bill in Chancery in the Jefferson Circuit Court, to correct and reform certain deeds ; to set aside and correct a deed executed by the sheriff to the defendant, and that a deed from the sheriff to himself be set up and established.

The material facts set forth in the bill are, that W. A. Kimbrough was largely indebted to the plaintiff, to secure the payment of which he contracted with the plaintiff, to convey his plantation in Jefferson County, Arkansas, containing 1,200 acres, by deed of trust, that the deed was written and executed, and intended, and as was supposed by the parties, did contain all of said plantation tract, but that the draftsman in describing the lands, intended to describe them as the east half of section 11, and southwest quarter of section 11, by mistake wrote east of section 11 and southeast quarter of section 11, or in other words wrote southeast instead of southwest, the true description of the

land.    That the mistake was not discovered until after a decree had been rendered for the sale of the land, and a deed made by the commissioner to the plaintiff (the purchaser) for the land, the mistake being carried into both the decree and the commission-er's deed.    Plaintiff avers that, he would not have bought the land and paid the price he did pay, if he had not believed he was buying the entire tract; that part of the improved land lay upon this quarter section; that after his purchase, and after he discovered the mistake, he advised Kimbrough of it; Kim-brough admits that he had contracted and intended to convey the southwest not the southeast quarter; that he supposed he had conveyed the southwest quarter, and would correct it by giving a new deed, but that judgment at law had been rendered against him, which created a lien upon this quarter section; that defendant, McGaughey, had obtained one of these judgments, upon which execution issued, and was levied upon the southwest quarter of section 11, and sold by the sheriff, at which sale McGaughey was the purchaser, and to whom the sheriff made a deed; alleges that McGaughey had notice of the mistake before his purchase.

This statement may suffice to show the ground upon which plaintiff claims relief.

In regard to the mistake in the deed of trust as to one of the tracts intended to be conveyed, which we will proceed to con-sider, leaving the other grounds for equitable relief for after consideration:    As between the plaintiff and Kimbrough, the right to have this mistake corrected, and the deed so reformed as to embrace the lands intended to be conveyed, is free from all doubt, but as the rights of other parties have intervened, and the mistake carried into the decree, and the commissioner's deed to the plaintiff, his rights have become more complicated, and the authorities conflicting.

The elementary writers, and the decisions of most of the American courts, form the conclusion that the mistake can be corrected at any time, even after decree rendered upon the contract, and sale of the property under it.

When a written agreement fails to express the contract as expressed between the parties, by an unintentional omission of part of it, or by expressing something different from their true intent, equity will reform the contract, whether it be executed or executory. Story's Eq., p. 164; Sugden on Vendors, marginal page 189, and is enforced against all parties and privies claiming under them with notice.

This rule was fully recognized in the case of *Stewart* and *wife* v. *Pettigrew*, 28 Ark., 376.

In *Simmons et al.* v. *North*, 3 Smed. and Marshall, p. 71, this rule is fully recognized, and it was there held that after a decree and sale of the property under it, the court had power to correct the mistake, and to reform both the deed and decree, so as to make them conform to the intention of the parties contracting.

Before such reform was made or suit brought for that purpose, judgment was rendered against the grantor; the land unintentionally omitted in the deed was levied upon and sold. Chief Justice Sharkey, who delivered the opinion of the court, when considering this state of case, said: "The power of a Court of Chancery is not confined to any description of contracts; it extends to executed, as well as executory, contracts, however solemn they may be in their character. When the mistake is admitted, then there is an equity *de hors* the deed or instrument, and the power to relieve is said to be as clear as when the mistake is shown by proof, either parol or written."

It is not regarded as an infraction of the rule, which prohibits the introduction of parol testimony, to explain or vary written contracts; nor does it fall within the operation of the statute of frauds.

The remarks of Judge Sharkey, that there is an equity *de hors* the deed or instrument, finds support in several other adjudicated cases, and indicates the true nature of the equity upon which the right of relief is founded.

It is the contract made between the parties, in parol in the first instance, and of which the writing is but the evidence, and the consideration paid which binds the conscience of the parties to perform and observe it, as, in fact, entered into. And when the writing, by mistake, fails to express truly the terms of the contract, it is not for that reason vitiated, but when ascertained, is reformed by the court and given effect, unless, in doing so, some equitable right has intervened to prevent it.

Assuming the proof of the mistake in the case before us, to establish that fact, the 160 acre tract of land, though not embraced in the deed, was sold to the plaintiff, and paid for by him before the rendition of the judgment under which the defendant claims to have purchased. In point of fact, it was the plaintiff's land. He had bought, paid for, and taken possession of it, and although not included in his deed, with the aid of parol evidence showing the contract and mistake, the decree and the deeds were subject to be reformed. In the language of Sharkey, the plaintiff had an equity *de hors* the deed.

Thus considered, this tract of land was not Kimbrough's. It had been sold by him, and he had been paid for it.

The judgment lien under which the defendant purchased did not attach to it, unless, perhaps, in a qualified sense.

This question was fully discussed in the case of *Morgan* v. *Bouse*, 33 Mo., p. 219. Bouse had bought of Jones and Ely a certain tract of land, paid the purchase money, and taken possession of it. By mistake in the draftsman, the lands purchased were omitted, and other lands, not contracted for, inserted in the deed. Judgment was subsequently rendered against Bouse, the

purchaser of the lands from Jones and Ely. Morgan, the plaintiff, purchased the land at sheriff's sale, as the property of Bouse, and brought suit to have his purchase confirmed. The question arose whether Bouse had such an interest in the land at the time of Morgan's purchase, as would subject it to sale for the payment of his debts.

Mr. Justice Sharswood, who delivered the opinion of the court, said: Bouse, at the time Morgan's rights accrued, had paid the purchase money for and gone into possession of the land; was in position to compel a deed from the grantors, Jones and Ely, or have reformation of those originally delivered to him, and had such an interest in the land as, in view of a court of equity, was devisable or descendible as real estate (2 Sto. Eq. Juris., p. 790, 1212), and could have protected his rights in the premises by legal or equitable procedure, and remarked that, as often as that court had passed upon the question, it had spoken but one language, that whenever a party is in such situation in regard to land, as to be entitled to a decree for specific performance, he has such interest as may be transferred by execution sale, and as a matter of course, when the law once secures to a debtor an interest in land, the incident of transferability must follow, and the purchaser will succeed and occupy the estates of him whose interests the sheriff's deed purports to convey, otherwise execution sales would be utterly inoperative, so far as regards equitable interests in land.

Nor does it alter the aspect of the case we are considering, that there was a mistake made in the deed, the only effect of which was to multiply the equities of the latter; to add to his claim for specific performance, a right to a reformation of the conveyance. *Stone* v. *Hull*, 17 Ala., 557; *Waldron* v. *Leitson*, 15 N. J. Eq. Rep., 126, and *Burke* v. *Anderson*, 40 Ga., 535, all sustain this position.

If the ruling in the case of *Morgan* v. *Brown*, above cited, is sustained by authority and upon principle, which we think is the case, it follows necessarily that the plaintiff, Allen, acquired by his purchase such an interest in the land omitted in his deed as would, upon his death, have descended to his heirs, or might have been sold or devised; that the land was equitably his by force of his contract of purchase, his payment of the purchase money, and his actual possession. Such being the case, there was at best but a qualified judgment lien upon the land by the judgment under which the defendant purchased, subject to the equitable right of the plaintiff to so reform his deed as to make it conform to the contract.

The defendant claims as purchaser at execution sale, to which the rule *caveat emptor* applies. He gets no warranty of title by his deed, but takes the estate encumbered with all the equities upon it at the time of his purchase, such, only, as the defendant in the judgment had, charged with all the equities that might be asserted against him.

Such has been the uniform decision of this court, and, in a late case—*Jones* v. *Wilburn*, *ante*—in which lands were sold under a judgment by a creditor who held a lien upon the land for the payment of the purchase money, it was held that, although the land was sold and deed made to the purchaser, he, in fact, bought only the equitable right of redemption.

It is contended by the defendant that he was an innocent purchaser, without notice, and, as such, should be protected against the equitable right of plaintiff.

But upon a careful consideration of the authorities, we are satisfied that no defense as an innocent purchaser without notice can be interposed by a purchaser at execution sale.

In the case of *Burke* v. *Anderson*, above referred to, it was held, that although courts of equity will correct mistakes, except

as against *bona fide* purchasers without notice, yet persons at execution sales were not such; they claim under the debtor, and have only such rights as belonged to him, not such as seem to belong to him. In *Glass* v. *Glass*, 1 Heiskell, 613, it was held, that the claim of the beneficiary in a parol resulting trust, is superior to that of creditors.

In *Click* v. *Click*, 1 Heiskell, 642, it was held, that a purchaser at execution sale could not be considered as a purchaser for a valuable consideration without notice.

Approving the correctness of these decisions, we must hold that the defense of McGaughey, as an innocent purchaser without notice, cannot be sustained; but, if otherwise, as in his answer he failed to deny all knowledge of the mistake, not only at the time of his purchase, but also at the time he paid the purchase money, he failed to bring himself within the rule which would give him the benefit of this defense. *Byers* v. *Fowler*, 12 Ark., 286; *Miller* v. *Fraley*, 21 Ark., 22.

Upon the ground of mistake alone, we think the plaintiff entitled to the relief prayed.

The proof abundantly shows that by mistake, the southwest quarter of section 11 was left out of the deed, the land described in the deed was the east half of section 11, and the southeast quarter of section 11, and, as the southeast quarter was part of the east half, there could have been no purpose in inserting it again in the deed. Plaintiff says it was the southwest quarter of section 11 which was contracted for and intended to be conveyed, on which was part of the plantation, and which was taken possession of and held by him as part of his purchase.

Defendant denies all knowledge of the mistake, and requires proof. The proof is, that Kimbrough, in his lifetime, admitted the mistake, and promised to correct it, but the judgment had been rendered against him, which prevented his doing so.

Bell deposed that he was the commissioner who sold the land, and supposed at the time that this tract was included in the deed, and was under this ·impression when the land was sold to plain-· tiff.

We think this evidence sufficient to prove that the mistake was, in fact, committed. The admission of Kimbrough himself would have been sufficient.

It was alone on the admission of North, in *Simmons* v. *North*, that the deed in that case was reformed, and, upon the state of case thus presented in the bill, and proven, we think the plaintiff was entitled to relief.

The second ground for relief is, that the plaintiff bought the land at sheriff's sale, under the oldest judgment lien, paid the purchase money, and obtained a purchaser's certificate from the sheriff.

The statute gives to the defendant in execution twelve months in which to pay the price bid, and redeem the land. Before the time expired for redemption, some one, whom plaintiff says was not authorized by Kimbrough to do so, paid the price bid, for Kimbrough, and redeemed the land ; that the redemption money was paid to his attorney without authority from him, but as he received the purchase money from his attorney, he thereby affirmed his act, and had no right to complain ; indeed, the redemption was a matter with which he had nothing to do. The effect of the redemption was to restore the property to Kimbrough, with a judgment lien upon it, just as if no sale had been made, and if, in truth, as plaintiff alleges, he sued out another execution upon his judgment, before the judgment lien expired, and had the land sold and purchased it, he acquired a good title to it. Rover on Judicial Sales, 514. But as the plaintiff failed to make proof of such purchase, he is not entitled to relief upon this ground.

The court below erred in dismissing plaintiff's bill, and for this error the decree must be reversed and set aside, with costs.

Let a decree be rendered in this court, setting aside the sheriff's deed to defendant McGaughey, correcting the mistake in the deed, and affirming the title of the plaintiff to the southwest quarter of section 11, as part of his purchase.