MODICA *v.* COMBS.

Opinion delivered April 2, 1923.

1. REFORMATION OF INSTRUMENTS—REFORMATION OF MORTGAGE.—A court of equity will reform a void description in a mortgage at the instance of the mortgagee as against the mortgagor or any subsequent purchaser with notice of the mistake.

2. REFORMATION OF INSTRUMENTS—PARTIES.—The purchaser at a mortgage foreclosure sale under a power or any subsequent vendee is entitled to have a void description in the mortgage and repeated in the subsequent deeds constituting his claim of title.

3. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.— Where the testimony taken at the trial is not abstracted, the court will presume that the findings of fact were warranted, and the finding that a void description was inserted in a mortgage through mutual mistake, and that the parties intended to describe the land in controversy, will not be disturbed.

4. MORTGAGES—REDEMPTION FROM MORTGAGE FORECLOSURE.—Crawford & Moses' Dig., § 7407, giving the right to redeem land sold under a mortgage foreclosure within one year, is a personal

privilege to be exercised within the time and in the manner provided by statute; no exception being made in favor of minor children of a mortgagor.

Appeal from Union Chancery Court; *J. Y. Stevens,* Chancellor; affirmed.

### STATEMENT OF FACTS.

This was a suit in equity by appellees against appellants to correct a misdescription in a mortgage, or deed of trust, on real estate, and to correct the same misdescription in a deed to the purchaser at a foreclosure sale under the power in the mortgage.

It appears from the record, as abstracted, that Peter Modica was indebted to the J. F. Sample Company of El Dorado, Ark., in the sum of $555.56, which was evidenced by his promissory note. To secure the payment of said note, Peter Modica and Malinda Modica, his wife, executed a deed of trust to C. W. Phillips, as trustee, for the benefit of J. F. Sample Company, on certain land, the description of which in the mortgage was void for uncertainty. The mortgage contained a power of sale, and was duly filed for record. Default having been made in the payment of the mortgage indebtedness, the trustee sold the land which was intended to be embraced in the mortgage under the same misdescription as stated above. The trustee sold the land in accordance with the terms of the deed of trust, and the J. F. Sample Company became the purchaser at the sale. The trustee executed a deed to the purchaser, and, in drafting his deed, followed the description of the land contained in the deed of trust, which, as we have already seen, was void for want of certainty. Subsequently the J. F. Sample Company conveyed the land intended to be embraced in the mortgage, and to be sold under the power of sale thereunder, to Ed Combs under a proper description of said land.

Peter Modica died intestate, leaving surviving him his widow, Malinda Modica, and several adult children

and two minor children. None of these parties exercised the right of redemption under the mortgage, given to them by the statute.

The complaint in this case was filed on October 14, 1921, and service of summons was had upon the defendants, including the minors, in the manner provided by the statute. A *lis pendens* notice was duly filed by the defendant through their attorneys, William Thompson and A. W. Spears. A. W. Spears filed an answer and cross-complaint, in which he claimed that he had purchased a part of the land from the heirs of Peter Modica, deceased, and exhibits his warranty deed from them. The record, however, shows that it was executed subsequent to the filing of the *lis pendens* notice.

The chancellor found the issues of law and fact in favor of the plaintiff, and a decree was entered accordingly. To reverse that decree the defendants have duly prosecuted an appeal to this court.

*Wm. Thompson* and *A. W. Spears,* for appellant.

A court of equity will not reform the description in a mortgage where same is void for uncertainty. *Neal* v. *Whitner,* 119 Ark. 310; *Tice* v. *Freeman,* 5 Minn. 391, 5 Minn. 331, 15 N. W. 674; Story's Equity, 404. Nor can the purchaser at a foreclosure sale or his vendee maintain an action for reformation of misdescription in the deed of the trustee under the mortgage. *Dunnivan* v. *Hughes,* 86 Ark. 443; *Harper* v. *Combs,* 61 W. Va. 561, 56 S. E. 902; *Conyers* v. *Mericles,* 75 Ind. 443; *McCasland* v. *Aetna L. Ins. Co.,* 108 Ind. 130, 9 N. E. 119; *Blodgett* v. *Hobart,* 18 Vt. 414; *Machem* v. *Machem,* 28 Ala. 374. Mistake must be corrected before foreclosure of mortgage. *Buckner* v. *Anderson,* 32 N. J. Eq. 35; *McMillan* v. *New York Waterproof Paper Co.,* 29 N. J. Eq. 610; *Strong* v. *Bloch,* 11 Ohio St. 283, 78 Am. Dec. 308; *Davenport* v. *Sovil,* 6 Ohio St., 459; 27 Cyc. 1093. Instruments of writing are reformed only for mutual mistake and when the evidence thereof is clear, unequivocal and decisive. *Parker* v. *Harper,* 91 Ark. 162;

*Hall Brothers* v. *Moore & McFerrin,* 47 Ark. 539; *Ezell* v. *Humphrey,* 90 Ark. 24; *Beneaux* v. *Sparks,* 144 Ark. 23; *Wales-Riggs Plantations* v. *Banks,* 101 Ark. 461; *Troupe* v. *Ancrum,* 146 Ark. 36; *Conn. Fire Ins. Co.* v. *Wiggington,* 134 Ark. 152; *Goodrum* v. *Merchants' & Planters' Bank,* 102 Ark. 326; *Cain* v. *Collier,* 135 Ark. 293; *Cheatham* v. *Beck,* 96 Ark. 230. Statute of limitations did not begin to run against right to redeem, as land sold under mortgage was not the land of the mortgagor. The minors had the right to redeem from sale under mortgage. *Kirksey* v. *Cole,* 47 Ark. 504, 1. S. W. 778; §§ 7407, 6961, Crawford & Moses' Digest. Lands were not legally sold under the mortgage. Sec. 7403, Crawford & Moses' Digest; *Atkinson* v. *Burt,* 65 Ark. 316; *Blake* v. *Askew,* 112 Ark. 514. No appraisement. *Craig* v. *Merriwether,* 84 Ark. 298.

*Harry T. Dolan,* and *Flenniken & Sellers,* for appellees.

Appellants failed to abstract the testimony. Appellees had the right to a reformation of the deed of trust and the trustee's deed made thereunder. *Blackburn* v. *Randolph,* 33 Ark. 120; *Craig* v. *Pendleton,* 89 Ark. 259; *Jackson* v. *Lady,* 140 Ark. 528; *Neas* v. *Whitner-Lester Realty Co.,* 119 Ark. 301. No question of innocent purchaser, as appellants took conveyances after suit brought and *lis pendens* notice filed. Appellee's possession was sufficient notice. *Spruill* v. *Miles,* 82 Ark. 445, and cases cited; *Craig* v. *Pendleton,* 89 Ark. 259. Neither was there any right of redemption. Sec. 6961, Crawford & Moses' Digest; *Gamble* v. *Phillips,* 107 Ark. 562; *Merryman* v. *Blount,* 71 Ark. 1; *Hudgins* v. *Morrow,* 47 Ark. 517. Beneficiary could purchase at trustee's sale. *Merryman* v. *Blount,* 79 Ark. 1. Verified account only required served in foreclosing mortgage of personalty, and not then when debt is promissory note. Sec. 7403. *Atkinson* v. *Burt,* 65 Ark. 316; *Blake* v. *Askew,* 112 Ark. 514; *Perry Co. Bank* v. *Rankin,* 73 Ark. 589. Power of sale not revoked by death of mortgagor. *Hudgins* v.

*Morrow,* 74 Ark. 515. The following cases cover every phase of the case at bar and establish the right of appellees to the reformation: *Green* v. *Watson,* 54 So. (Ala.) 487; *Goulding Fertilizer Co.* v. *Blanchard,* 59 So. (Ala.) 485; *Howe* v. *Williams,* 51 Mo. 252; *Gex* v. *Dill,* 38 So. (Miss.) 193; *Collins* v. *Lewis,* 21 N. E. (Ind.) 475; *Russell* v. *Sweezey,* 22 Mich. 235; *McKinick* v. *Mill Owner Fire Ins. Co.,* 50 Iowa 116; *Hanna* v. *Renfro,* 32 Miss. 126; *Garden City Sand Co.* v. *Miller,* 41 N. E. (Ill.) 753; *Stephenson* v. *Harris,* 31 So. 435. The court will presume, the testimony not being abstracted, that the chancellor's findings are supported by the evidence.

HART, J. (after stating the facts.) It is first insisted by counsel for the defendants that a court of equity will not reform and correct the description in a mortgage where such description is void for uncertainty. This contention is contrary to the rule laid down in *Craig* v. *Pendleton,* 89 Ark. 259. In that case a suit was instituted in the chancery court by the trustee in a deed of trust for the reformation and foreclosure of it. It was shown that the lot in question belonged to the mortgagor, but that the description in the conveyance was void for uncertainty. The court held that the mortgagee was entitled to a reformation of the mortgage as against the mortgagor, or any subsequent purchaser with notice of the mistake.

Under the facts as shown by the record, the land in controversy was sold by the trustee under a power of sale contained in the deed of trust, and the J. F. Sample Company, for whose benefit the deed of trust was executed, bcame the purchaser at the sale for the amount of the mortgage indebtedness. A deed was duly executed to it by the trustee, and it contained the same void description as that contained in the deed of trust. Subsequently the purchaser at the foreclosure sale executed a deed to the land in controversy to the defendants, and the deed described the land correctly.

It is contended also by counsel for the defendants that neither the purchaser at a foreclosure sale under a mortgage nor his vendee may maintain an action for the reformation of a misdescription in the deed of the trustee to the purchaser at the foreclosure sale, and that, in any event, the court should decree a new foreclosure in the event it should reform the misdescription in the deed of trust. This question has also been decided by this court contrary to the contention of counsel for the defendants. The question came up in *Blackburn* v. *Randolph,* 33 Ark. 119. There parties claiming to be the owners of certain real estate, through a series of conveyances from a purchaser under a deed of trust, filed a bill against the surviving partner of the original grantor in the trust deed, who, as a judgment creditor, had caused an execution to be levied on a certain tract of land included in the plantation purchased at the foreclosure sale, and was about to sell the same. It was alleged in the complaint that, by mistake, this tract had been omitted in the description of the land in the trust deed, and that the mistake had been inadvertently carried through all the successive conveyances down to that of the plaintiffs. The facts alleged in the complaint were proved at the trial, and the court granted the relief prayed for. The court said that where the same mistake has each time repeated itself, occurring between the vendor and vendee upon each transfer, under such circumstances as to entitle any one of the vendees to a reformation as against his immediate vendor, equity will work back through all, and entitle the last vendee to a reformation against the original grantor. Hence our own court has announced the rule that the purchaser at a mortgage foreclosure sale under the power contained in the mortgage and his vendee is as much entitled to reform a perpetual mistake in the mortgage constituting his chain of title as any other subvendee. Thus we see that our own court is committed to the doctrine that equity will reform a void description in a mortgage, not

only at the instance of the mortgagee, but also at the instance of a purchaser at the foreclosure sale under the power or his vendee.

Counsel for the defendants have not abstracted the testimony taken in the case. Therefore it will be presumed that the facts proved at the trial warranted all the findings of fact made by the chancellor, and, under our rules of practice, we cannot consider whether or not his findings on the facts are erroneous. It will be presumed that the facts warranted the chancellor in finding that the void description was inserted in the deed of trust through the mutual mistake of the parties, and that they intended to describe the land which is in controversy in this case. *Jones* v. *Bank of Commerce,* 131 Ark. 362, and *Savage* v. *Savage,* 143 Ark. 388.

It is next contended that the minors have a right to redeem under the mortgage, although they did not exercise the right of redemption within the period of time allowed by the statute.

Sec. 7407 of Crawford & Moses' Digest, which allows the mortgagor of real estate to redeem at any time within one year from the sale under the mortgage, was passed prior to § 6961 of the Digest, which allows infants three years next after full age to bring certain actions. Counsel places reliance upon the latter statute in this case. The latter statute is a statute of limitations for bringing actions, and contains a saving clause in favor of minors and others, under disabilities at the time their cause of action accrued. The statutory right to redeem from a mortgage is not a statute of limitations at all. It is a mere personal privilege given by statute to the mortgagor after the land has been sold under the mortgage. It must be exercised within the time and in the manner provided by the statute. It is true that the infant children of a mortgagor are in privity with him and may exercise his right to redeem after his death; but they must do this within the period of time allowed by the statute. The statute contains no saving clause in

favor of minors, and the court can make none. In *Merryman* v. *Blount*, 79 Ark. 1, this court held that real property sold under a power contained in a mortgage or deed of trust can, under the statute, be redeemed by the mortgagor only within one year from the date of sale.

All other questions argued in his brief by counsel for the defendants are questions of fact, and, as above stated, he having failed to make an abstract of the testimony, under our rules of practice we will presume that the facts in the record support the findings of the chancellor based on them.

It follows that the decree will be affirmed.