MEEKINS *v.* MEEKINS.

Opinion delivered April 20, 1925.

1. EVIDENCE—DECLARATIONS OF GRANTOR.—Where plaintiff's grantor and his cotenant divided the land held by them in common, declarations of the grantor and cotenant that the former took the south half of the tract in the division was competent in a suit to reform the grantor's deed, which by mistake undertook to convey the north half.

2. REFORMATION OF INSTRUMENTS—SUFFICIENCY OF EVIDENCE.—To justify reformation of a deed for a mutual mistake in description, the evidence need not be undisputed, but is sufficient if the testimony in its entirety clearly shows that a mutual mistake was made.

Appeal from Union Chancery Court, Second Division; *George M. LeCroy,* Chancellor; affirmed.

*Goodwin & Goodwin,* for appellant.

SMITH, J.   Appellee was the plaintiff below, and, for his cause of action, alleged that on June 15, 1907, Reuben Meekins was the owner of the southwest quarter of the southwest quarter and the south half of the northwest quarter of the southwest quarter of section 33, township 15 south, range 16 west, Union County, Arkansas, and, for the consideration of a hundred dollars, sold and agreed to convey these lands to appellee.   A deed was prepared, but, by a clerical error in the preparation of the deed, the lands were erroneously described as the southwest quarter of the northwest quarter and the north half of the northwest quarter of the southwest quarter of section 33, township 15 south, range 16 west.   Reuben Meekins was dead at the time of the institution of this suit, but was survived by a son, named William, who was the father of appellee, and by a number of other grandchildren besides appellee.   These other grandchildren resisted the granting of the relief prayed, and filed an answer in which they denied that any mistake had been made, and, in addition, alleged that Reuben Meekins, by reason of his advanced age and feeble health, did not have mental capacity to execute the deed.

The court found that the allegations of the complaint were sustained by the testimony, and decreed accordingly.

Appellants correctly contend that the relief prayed could only be granted upon testimony showing clearly that a mistake had been made, and they insist that the testimony offered in behalf of appellee did not measure up to this requirement of the law.

It appears, from this brief statement of the case, that the question presented by this appeal is one of fact.

On behalf of appellee the testimony was to the following effect:   Reuben Meekins and one Charles Goodwin owned, as tenants in common of equal interests, 120 acres of land, consisting of three 40-acre tracts, described as follows:   Southwest quarter of the northwest quarter, northwest quarter of the southwest quarter, and southwest quarter of the southwest quarter, section 33, town-

ship 15 south, range 16 west. Reuben Meekins and Charles Goodwin divided the land, and, by the terms of the division, Meekins took the south half of the tract and Goodwin the north half. By the terms of this division Meekins took title in severalty to the south half of the northwest quarter of the southwest quarter and southwest quarter of the southwest quarter, which was the south half, and Goodwin took the title to the north half of the northwest quarter of the southwest quarter and southwest quarter of the northwest quarter, which was the north half, and they went into possession of their respective parts, and Meekins remained in possession of the south half until the time of the execution of the deed sought to be reformed.

One of the grounds upon which reversal of the decree below is sought was the refusal of the court to exclude certain testimony given by M. J. Goodwin. This witness testified that he had lived in Union and an adjoining county for sixty-five years; that his father had furnished Meekins and Goodwin, who were both colored men, for a number of years; that Meekins and Goodwin bought the 120 acres together from a man named Roseman, and witness' father advanced the money to pay for it. The land was bought about 1870, and Meekins and Goodwin lived on it together until they divided the land. This witness was asked: "Do you know anything about the division made between Charles Goodwin and Reuben Meekins," and answered: "Only what they said. They said Charles Goodwin took the north end and Reuben Meekins the south end." This testimony was competent, as it was permissible to prove the declarations of the parties that a division had been made and what the division was.

This witness further testified that, after the division, Goodwin bought some other land and moved away, and that Meekins remained in possession of the south half of the land and cultivated a portion of it. This witness was on the land frequently to see about the crops, on which his father was making advances, and, after the division,

Reuben Meekins was in exclusive possession of the south half, and did not claim to own any other land.

Reuben Meekins paid taxes in his own name down to 1908 on all of the south half only, and did not pay on any other land, and, after 1908, the taxes were paid in the name of appellee.

The witness, M. J. Goodwin, further testified that Reuben Meekins told him he had deeded this land (the south half) to his grandson, Robert Meekins, who was taking care of him.

The testimony of several other witnesses makes it appear certain that Reuben Meekins and Goodwin had divided the land, and that Meekins had taken the south half as his part, and that he owned no other land except the south half at the time he executed the deed describing the north half.

William Meekins, the father of appellee and the son of Reuben, testified as to the division of the land between his father and Goodwin, and the subsequent conveyance to his son of the portion assigned on the division to his father, and the circumstances of the execution of the deed. A justice of the peace was called in to prepare the deed, and he was given the tax receipts to secure the description, and, after the deed had been executed and acknowledged, it was delivered to the appellee. None of the parties appear to have been familiar with the land descriptions, and the error was made by the justice of the peace. At the time of the execution of this deed Reuben Meekins owned no land except the south half of the 120-acre tract, according to the testimony of William Meekins and other witnesses who testified on behalf of appellee.

On behalf of appellants there was some testimony to the effect that Reuben Meekins did not have mental capacity to execute the deed, but this defense is not relied upon. The chief defense of appellants is that the testimony is not sufficiently clear to reform the deed, and that the testimony does not show that appellee claimed title to this land, and that he and certain other heirs at law of Reuben Meekins occupied the land jointly.

Without setting out all the testimony, we think it clearly appears that Goodwin and Reuben Meekins divided the 120-acre tract; that Meekins took the south half thereof, and that he intended to convey this land to appellee, his grandson; that appellee accepted the deed describing the north half as a conveyance of the south half, and that he has since occupied it as sole owner, and not as tenant in common with the other heirs.

These findings are not established by the undisputed evidence; but it is not required that the mistake be established by testimony that is undisputed. It suffices if the testimony, in its entirety, clearly shows that a mutual mistake was made, and we think the testimony, in its entirety, meets that requirement.

The decree of the court below will therefore be affirmed.