FOSTER v. RICHEY.

4-4243

Opinion delivered May 4, 1936.

684

*Waddell & Waddell,* for appellants.

*Donham & Fulk,* for appellee.

JOHNSON, C. J. Prior to 1931, appellant, J. C. Foster, was indebted to appellee Mrs. William Richey, for borrowed money which indebtedness was secured by a mortgage on a certain hotel property situated in the village of Haskell, Arkansas. This hotel property lies south of the highway which runs east and west through Haskell. When this indebtedness was first created Haskell was a more or less thriving village, but by 1931 the local sawmill industry which was its principal industrial interest had vanished.

At the time last referred to appellant's mortgage debt to appellee was far past due, and the hotel property being in a dilapidated condition, insistent demand was made by appellee that the indebtedness be immediately paid. Appellant was unable at the time to pay the mortgage debt, and, to induce or secure an extension thereof, additional real estate security was agreed upon by the parties. It is around this transaction that the present controversy arises. By the renewal contract appellant's debt was extended until 1932. Said indebtedness not being paid a foreclosure action was instituted in 1933 which resulted in a commissioner's sale to appellee for the amount of the mortgage debt, accrued interest and costs. Subsequently appellant refused to deliver possession of all the property claimed by appellee under her purchase at the commissioner's sale, and a survey of the property disclosed that a triangular tract containing 1¼ acres upon which a dwelling house was located was not in fact within the description contained in the mortgage, the foreclosure decree and the commissioner's deed. The present suit was instituted to reform the mortgage, the decree and the commissioner's deed so as to include this 1¼-acre tract. On a trial of the issues joined the chancellor reformed the mortgage, the former

decree of foreclosure and the commissioner's deed from which this appeal comes.

Appellant's first insistence for reversal is that the testimony in behalf of appellee is insufficient to support the chancellor's finding and decree.

The rule in reference to the reformation of written instruments is that the testimony to warrant such reformation must be clear, concise and convincing, *Emerson v. Speak*, 177 Ark. 1193, 9 S. W. (2d) 780; but such testimony need not be undisputed to establish this issue of fact. *Meekins v. Meekins*, 168 Ark. 654, 271 S. W. 18; *Sewell v. Umstead*, 169 Ark. 1102, 278 S. W. 36; *American Alliance Insurance Co. v. Paul*, 173 Ark. 960, 294 S. W. 58.

The testimony adduced by appellee and accepted by the trial court as warranting the decree of reformation was to the effect that in 1931, when insistent demands were being made upon appellant for payment of the mortgage indebtedness, appellant induced his mother to supply the necessary additional property to extend the time of payment of said indebtedness; that at that time the additional property was pointed out to appellee's husband and agent in the transaction; that the 1¼-acre tract which is the subject-matter of this controversy was specifically pointed out and designated as part of the additional security. Judge EVANS of Benton was induced by the parties to prepare the renewal mortgage and accompanying notes, and he testified that he was directed by the parties to include in the mortgage all the lands owned by appellant's mother lying between the railroad tracks. This description necessarily covered the 1¼-acre tract in controversy. In behalf of appellant, the testimony reflected a bare denial that the small tract was to be included in the mortgage. The testimony above referred to in behalf of appellee was amply sufficient to authorize a decree of reformation, and its bare denial by appellant does not militate against its clear, concise and convincing effect.

Appellant next urges that the trial court was without power to reform its previous decree of foreclosure because as it is said such modification or reformation impairs the rule that judgments or decrees become final

at the expiration of the term at which rendered. The reformation of the mortgage in the first instance is predicated upon the equitable maxim, "Equity treats that as done which ought to be done." *Stiewell* v. *Webb Press Co.*, 79 Ark. 45, 94 S. W. 915; *Petty* v. *Gacking*, 97 Ark. 217, 133 S. W. 832; see, also, 23 R. C. L., § 4, p. 311.

The decree of reformation acts upon the person of the parties thereto, and no actual impairment of the foreclosure decree is effected. The commissioner's deed stands upon no higher ground. If parties to a contract intend a certain definite result, and by either fraud or mistake such result is not manifested, equity treats that as done which should have been done and decrees accordingly. See authorities cited, *supra*. The result just stated was accomplished by this court in the early case of *Allen* v. *McGaughey et al.*, 31 Ark. 252, and, notwithstanding the passing of time, it stands today unimpaired. *Blackburn* v. *Randolph*, 33 Ark. 119; *Ft. Smith Milling Co.* v. *Mikles*, 61 Ark. 123, 32 S. W. 493, and *Modica* v. *Combs*, 158 Ark. 149, 249 S. W. 567, although not directly in point on the principle stated, each reach an analogous result.

Neither can we agree that error appears in the decree of reformation in directing that title pass from appellant to appellee to the small 1¼-acre tract without a resale. It is not contended on this appeal that the mortgaged property if resold would probably bring a sum in excess of the mortgage debt and costs. A resale, therefore, is not necessary to preserve any equities existing between the parties and their privies. Indeed the principle of vesting title in reformation, in the absence of prevailing equities, and under facts and circumstances not substantially different from these here considered, has been definitely approved and applied. *Modica* v. *Combs, supra.*

No error appearing, the decree is affirmed.