WARNER *v.* ESLICK.

5-3475                                              388 S. W. 2d 1

Opinion delivered March 15, 1965.

*Josh W. McHughes,* for appellant.

*C. Richard Crockett* and *Burl C. Rotenberry,* for appellee.

GEORGE ROSE SMITH, J. In December of 1959 the plaintiffs below Matt Warner, Jr., and his wife, bought from the principal defendants, Elmer Eslick and his wife, a piece of property on Kanis Road, near Little Rock. About two and a half years later, in July of 1962, the Warners brought this action in ejectment to obtain possession of part of the property lying within the description contained in their deed. The Eslicks filed a counterclaim asking that the description in the deed be reformed, on the ground of mutual mistake. The case was transferred to equity, where the chancellor entered a decree granting the Eslicks' prayer for reformation. The only question we need to consider on appeal is whether the decree is supported by clear and convincing evidence, which is conceded to be the standard of proof required in a case of this kind. *Beneaux* v. *Sparks,* 144 Ark. 23, 221 S. W. 465.

For convenience we insert a simplified plat, taken from one of the exhibits in the record, showing the western part of the three-acre tract that was owned by the Eslicks when they sold part of their land to the Warners in 1959:

The deed that was executed actually described the tract having as its four corners the points ABCD. The Eslicks contend, however, and the chancellor found, that the parties really intended that only the triangular tract ABE be conveyed.

The testimony of the litigants is in sharp conflict. At the time of the sale the Eslicks were living in the house marked "Eslick," which sits back some 40 feet from Kanis Road. According to Eslick, when Warner approached him about buying part of his property he took a tape and measured the 115 feet of frontage along Kanis Road, between points A and B. Beginning at point B there was a chain link fence that extended for about 60 feet along the line BE. Eslick testified that he pointed along the line of this fence and told Warner that he would sell the land lying north and west of that fence for $2,500. At that time there was a small garage or service station on the triangular tract ABE. Eslick says that Warner accepted his offer to sell.

Eslick, who cannot read or write, went to an abstract office and attempted to describe the property that he meant to sell. On the basis of Eslick's information the abstractor prepared a deed describing tract ABCD. The Eslicks executed that deed. Warner made a down payment of $500 and gave a mortgage for the unpaid balance. The Eslicks continued to occupy their home and, in fact, were still living there when the case was tried in 1964. Their daughter and son-in-law were occupying a second house on the land and using a shed, both of which are crossed by the line CD.

Warner testified that he agreed to buy, and Eslick agreed to sell, a tract having a frontage of 115 feet on Kanis Road and a depth of 150 feet. He states that he intended to buy whatever was described in the deed, but he admits that he did not know where the boundary lines were and that he had no intention of buying the Eslicks' home. After receiving his deed he constructed a home and a grocery store on the triangular tract, at a cost of about $12,000. He and his wife moved into

their new home a few months after the sale and were living there at the date of trial. This litigation, filed in 1962, was the immediate result of Eslick's having attempted to extend the fence to point E. Warner then consulted a lawyer and brought suit to obtain possession of all the land described in his deed.

We try the case *de novo*. Although the evidence to justify a reformation for mutual mistake must be clear and convincing, it need not be undisputed. *Foster* v. *Richey*, 192 Ark. 683, 93 S. W. 2d 1258. Hence the bare fact that Warner insists that he meant to buy whatever was described in the deed is not in itself necessarily sufficient to preclude a finding that a mutual mistake occurred. We must arrive at our conclusion from a study of the testimony as a whole.

In our judgment the overwhelming impact of the proof supports the chancellor's decree. To begin with, the significance of the 115-foot frontage on Kanis Road is simply that that was the distance from the northwest corner of the Eslick property to the chain link fence. We can think of no reason why the parties took the trouble to measure the exact distance to the fence if the fence was to be of no importance whatever. On the other hand, if the fence line was to be the boundary between the two properties, as it is reasonable to believe, then the precise location of that line was an essential fact to be determined.

Warner took possession only of the property that lay north and west of the fence line. He spent $12,000 in improving the triangular tract, but there is no indication that he asserted any claim to the land lying on the other side of the fence line. To the contrary, the Eslicks and their daughter and son-in-law continued for more than two and a half years to occupy their houses. Warner himself frankly admits that some sort of mistake occurred, for he concedes that he had no thought of purchasing the Eslicks' home. We can readily understand how Eslick, an illiterate man, made a blunder in attempting to supply a description of the land that he was sell-

ing. We cannot understand why the Warners, if they really meant to acquire a rectangular tract at least 115 by 150 feet in size, were content for years to confine their possession to a much smaller area. In our opinion the proof offered by the appellees fully satisfied their burden of proving by clear and convincing testimony that a mutual mistake took place.

Affirmed.