MEEKS *v.* BORUM

5-3869 402 S. W. 2d 408

Opinion delivered May 9, 1966

*Lonnie Batchelor,* for appellant.

*Franklin Wilder,* for appellee.

GEORGE ROSE SMITH, Justice. This is a suit by the appellees, C. E. Borum and his wife, to reform a deed by which they conveyed a forty-acre tract to June H. and Viola Fuquay and to reform a second deed by which the Fuquays in turn conveyed the forty acres to the appellants, T. M. and Addie Meeks. The Borums contend that they meant to reserve four of the forty acres, but by a mutual mistake their deed described the entire forty. This appeal is from a decree reforming the two deeds. Counsel for the appellants urge only one point for reversal, that the plaintiffs' proof lacks that clear and convincing quality that the law requires in a case of this kind.

After studying the record we are unable to say that the trial court was in error. The Borums are an elderly couple who have been married for about fifty years. In 1926 they bought a 56-acre farm that included the 40 acres now in issue. They moved upon the farm and lived there until they sold part of the land to the Fuquays in

1963. According to their positive testimony they meant to reserve four acres lying west of a county road that crosses the forty, but by mistake the draftsman of the deed, who took the description from a tax receipt, failed to insert the reservation that the parties had in mind.

There are a number of circumstances that convince us of the truth of the Borums' testimony. At the time of the conveyance Mr. Borum had been almost blind for several years and so was not able to check the description in the deed as carefully as someone else might have done. There was a good reason for the Borums to retain the four acres in dispute. Not only was that part of the land separated from the rest of the forty by the road; it also provided the only access to the other sixteen acres of the original farm. Without the four acres the Borums would have to travel more than a mile to reach the rest of their property.

There is convincing testimony that after the sale to the Fuquays the Borums remained in possession of the four acres during the two years that preceded the filing of this suit. On one occasion Fuquay inquired about the property on the west side of the road and expressed some desire to buy it from the Borums. At the time of the trial the Fuquays had left the state and could not be called to testify for either side. Hence the Borums' testimony was not contradicted by the other parties to the sale.

The appellants rely primarily upon the written instruments themselves, but of course the fact that they describe forty acres does not exclude the possibility that a mutual mistake occurred. Moreover, even though the proof to establish the right of reformation must be clear and convincing, there is no requirement that it be undisputed. *Foster* v. *Richey,* 192 Ark. 693, 93 S. W. 2d 1258 (1936). In this case we are satisfied that the plaintiffs sustained their heavy burden of proof. No useful purpose would be accomplished by our detailing at length the proof in a case that turns upon what is es-

sentially an issue of fact. We think the chancellor's decision was right.

Affirmed.

AMSLER and BLAND, JJ., not participating, the latter being disqualified.