Gerald M. JOHNSTON and Charlotte JOHNSTON,
Husband and Wife *v*. Kenneth D. SORRELS and Catherine
M. SORRELS, Husband and Wife; Elsie SORRELS; and
CENTRAL ARKANSAS PRODUCTION CREDIT
ASSOCIATION

CA 86-409                                                   729 S.W.2d 21

Court of Appeals of Arkansas
Division I
Opinion delivered May 13, 1987

88

*Ball, Mourton & Adams,* by: *Phillip A. Moon,* for appellants.

*Sherman & Walker,* by: *Jonathon P. Sherman, Jr.,* for appellees.

BETH GLADDEN COULSON, Judge. The appellants, Gerald and Charlotte Johnston, purchased land at a mortgage foreclosure sale. This appeal is from a decree dismissing the appellants' complaint in equity which sought to reform the property descriptions in certain mortgages, various foreclosure documents, and a commissioner's deed to reflect lands allegedly omitted by mutual mistake of the appellees. The chancellor dismissed the complaint for want of equity on the grounds that purchasers at a foreclosure sale who are not parties to the mortgage being foreclosed cannot maintain an action for reformation absent some act on the part of the mortgagor causing a bid on the property which would not otherwise had been made. We find that the chancellor erred in dismissing the complaint and reverse and remand.

Beginning sometime in 1976, separate appellee Kenneth Sorrels and his mother, separate appellee Elsie Sorrels, executed a series of mortgages to the First State Bank of Morrilton, Arkansas. Subsequently, Kenneth Sorrels sought a loan from separate appellee Central Arkansas Production Credit Associa-

tion (CAPCA), which obtained a mortgage on part of the Sorrels property after making the loan and obtaining a release from the bank. CAPCA filed a petition in foreclosure after payments on the loan were not made when due. The decree of foreclosure was entered in December of 1982. All documents pertaining to the foreclosure contained the property description found in CAPCA's mortgage.

A foreclosure sale was held on January 21, 1983, and the appellants placed the highest bid through an agent. Approximately two years after the foreclosure sale, the appellants discovered that the legal description contained in the mortgages, the foreclosure documents, and the commissioner's deed did not include a 29.41 acre tract of land which the appellants thought had been part of the land sold at the foreclosure sale. The appellants' complaint in equity sought reformation of all relevant documents on the theory that, whereas it had been the clear intent of CAPCA and the Sorrels to include the 29.41 acre tract as part of the land being mortgaged, the tract had by mutual mistake been omitted from the legal description in the mortgages and all subsequent documents.

At trial, Don Guess of CAPCA testified that he and Kenneth Sorrels viewed the property to be mortgaged and that Sorrels represented that the land comprising the 29.41 acres was included. Guess also testified that the loan would never have been made had not the 29.41 acre tract and the improvements thereon been subject to the mortgage. Although Guess testified that he made no representations to the appellants as to what land was included in the foreclosure sale, he conceded that he had previously shown the property to others and had represented that the 29.41 acre tract was part of the land to be sold and that he would have made the same representation to the appellants.

Other evidence indicated that Kenneth Sorrels did not claim an interest in the property until after it was discovered that the 29.41 tract was not included in the legal descriptions. Also, there was testimony that Kenneth Sorrels requested that he be given time after the sale to remove certain items from the property now in dispute. While neither the appellants nor the Sorrels attended the sale, the agent bidding on behalf of the appellants testified that representations were made at the sale that the property being

sold comprised that part of the Sorrels farm land which would have included the 29.41 acre tract.

The chancellor found that the evidence would have supported an action for reformation on the part of CAPCA. However, he determined that the appellants were not entitled to reformation of the mortgages because they were neither parties to the mortgages nor had they shown that the mortgagors (the Sorrels) engaged in any conduct causing a bid on the property which would not otherwise have been made. We find this to be an unduly restrictive interpretation of the cases governing the right of a purchaser at a foreclosure sale to maintain an action for reformation of documents necessary to his chain of title when: (1) it has been determined that the mortgagor and the mortgagee by mutual mistake omitted certain land from the description in the mortgage instrument, and (2) the evidence presents a question of fact as to whether the purchaser intended to buy the property as described.

It is well established that when land is held pursuant to a deed of trust or mortgage so as to secure a debt, and by mutual mistake the parties have omitted from the legal description a tract of land intended to be conveyed, a party to the mutual mistake who subsequently purchases under a decree of foreclosure is entitled to reformation of the deed of trust or mortgage, the decree, and the commissioner's deed so as to include the omitted tract. *Foster* v. *Richey*, 192 Ark. 683, 93 S.W.2d 1258 (1936); *Allen* v. *McGaughey*, 31 Ark. 252 (1876). Testimony warranting such reformation must be clear, concise, and convincing, though it need not be undisputed. Reformation is predicated upon the equitable maxim that equity treats that as done which ought to be done. *Foster, supra.*

As was noted by the chancellor, the facts before us do not involve a purchaser who as mortgagee, for example, would have been a party to the mutual mistake and thereby be able to establish the element of privity necessary to maintain an action for reformation. Yet, it is equally well settled that the concept of privity does not restrict reformation in this jurisdiction only to those who were parties to the mistake. *Commonwealth Building & Loan Association* v. *Wingo*, 189 Ark. 1033, 75 S.W.2d 1008 (1934); *Modica* v. *Combs*, 158 Ark. 149, 249 S.W. 567 (1923);

*Blackburn* v. *Randolph*, 33 Ark. 119 (1878).

■ In *Blackburn*, a deed of trust conveying a plantation had been executed so as to secure a debt. The plantation was sold after the debt went unpaid. By mistake, a tract of land had been omitted in the description of the lands in the deed of trust; this omission carried forward into each successive sale of the plantation. The final grantee sought reformation of the deed as against a judgment creditor who had caused an execution to be levied on the omitted tract of land. As to the argument that there was not such privity between the grantee and the original grantor as would permit an action for reformation, our supreme court stated that the equity of the complainants would not fail so long as in each conveyance there had been a mutual mistake whereby each party actually supposed that the particular piece of ground was described when in fact it was not. The court went on to state that:

> What is meant when the cases say that the mistake will only be corrected between the original parties and those claiming under them in privity, is, in effect, that the court will not interfere in favor of subsequent purchasers who were simply ignorant of the former mistake and may be presumed to have intended to take by the description used. . . .

33 Ark. at 125.

■■ *Modica* v. *Combs, supra*, involved a void description and not an omission; also, the purchaser at the foreclosure sale was the beneficiary under the deed of trust. However, the court permitted reformation by a subvendee of the purchaser at the sale. In discussing *Blackburn*, the court stated that the rule in this jurisdiction was that the purchaser at a mortgage foreclosure sale under the power contained in the mortgage, and his vendee, were as much entitled to reform for a perpetual mistake in the mortgage constituting his chain of title as any other subvendee. 158 Ark. at 154. Courts of equity would reform a void description in a mortgage "not only at the instance of the mortgagee, but also at the instance of a purchaser at the foreclosure sale under the power or his vendee." *Id.* at 154-155.

■ In *Commonwealth Building & Loan Association, supra*, the purchaser at a foreclosure sale was allowed to reform a

release deed given by a grantor to the grantee who had mortgaged the land being foreclosed. The description in the release deed did not convey the land which the grantor and grantee intended to have released and which the grantee intended to mortgage and the purchaser (mortgagee) intended to buy. The court cited the following language from the *Blackburn* opinion:

> Where a mistake in description of land occurs in a series of conveyances, under such circumstances as would entitle any one of the vendees to a reformation as against his immediate vendor, the equity will work back through all, and entitle the last vendee to a reformation against the original vendor. . . .

189 Ark. at 1037.

In light of the discussion in *Blackburn* and the requirements set forth in *Foster, supra*, the following can be said to apply to the right of a purchaser at a foreclosure sale or one claiming under him to maintain an action for reformation of documents necessary to the chain of title. First, the party seeking reformation must be able to introduce such clear, concise, and convincing evidence as would present a question of fact as to whether the omission, void description, or other similar deficiency occurred either by mutual mistake of the parties to the instrument sought to be reformed or by mistake of one of the parties and the inequitable conduct of the other. Second, if the party seeking reformation was not a party to the instrument sought to be reformed, he must be able to introduce additional evidence raising a question of fact as to whether he was simply ignorant of the former mistake and intended to buy the property as described or whether he had assumed, for example, that the particular piece of land was described when in fact it was not.

These requirements having been met, the fact finder must then determine whether as between each successive party there has been such a mutual mistake of fact or mistake by one and inequitable conduct by another as would actually warrant reformation under the facts of the case. Reformation on the part of the purchaser should not be foreclosed simply because the purchaser was not a party to the instrument sought to be reformed or because he did not place his bid in reliance upon some act on the part of the mortgagor. We find that the chancellor erred when

having determined that the evidence warranted an action for reformation on the part of CAPCA, he dismissed the appellants' complaint absent a finding that they were simply ignorant of the mistake and intended to buy the property as described.

Although the appellants argue that under our *de novo* review we are in a position to decide these issues and enter a final judgment, we find that the chancellor's superior position as fact finder warrants our remand of the case. Therefore, we reverse and remand to allow the chancellor to enter his findings of fact and such conclusions of law as are not inconsistent with this opinion.

Reversed and remanded.

CORBIN, C.J., and MAYFIELD, J., agree.